IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr241-MHT |
| SAVILL L. RUSH | ) | (WO) |

### ORDER

This cause is before the court on defendant Savill L. Rush's unopposed motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for April 20, 2009, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Rush in a speedy trial.

Counsel for Rush filed a notice of appearance on April 16, 2009.  Trial was scheduled to begin on April

2

20, 2009.  Counsel represents that this short period is inadequate to complete meaningful negotiations with the government properly, investigate the allegations against Rush, and prepare for trial.  The government does not oppose this request.

In deciding to grant the motion, the court is mindful of Rush's Sixth Amendment right to a fair and reasonable opportunity to choose his counsel.  See Gandy v. Alabama, 569 F.2d 1318, 1323 (5th Cir. 1978).[*]  In the Eleventh Circuit, there is a multi-factor test to determine if a defendant's right to counsel of choice is violated by the denial of a continuance: "(1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5)

---

[*]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

whether the requested continuance is for a legitimate reason; and (6) any unique factors." United States c. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005). Other factors commonly considered by courts include whether the defendant's actions contributed to the delay, whether other competent counsel is prepared to try the case, and whether rejecting the request would materially prejudice or substantially harm the defendant's case. See United States v. Flanders, 491 F.3d 1197, 1216 (10th Cir. 2007).

Here, Rush's new counsel filed a notice of appearance and a motion to continue less than two business days before trial. Nonetheless, despite Rush's delay in obtaining new counsel and the last-minute nature of this request resulting from that delay, the court recognizes the importance of his right to have counsel of his choosing. Because a continuance is not unduly burdensome for the court or for the government, who does not object, the court finds that the factors weigh in favor of granting Rush's motion.

Accordingly, it is ORDERED as follows:

(1) Defendant Savill L. Rush's motion for continuance (doc. no. 40) is granted.

(2) The jury selection and trial, now set for April 20, 2009, are reset for July 20, 2009, at 10:00 a.m., at the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 17th day of April, 2009.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**